ADAMS, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| SOURCE ASSOCIATES, INC., | ) | CASE NO. 1:05CV2526 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| VALERO ENERGY CORPORATION, | ) | AND ORDER |
| | ) | [RESOLVING DOC. 12] |
| Defendant. | ) | |
| | ) | |

This action is before the Court upon defendant's Motion for Judgment on the Pleadings (Doc. 12). The Court has reviewed the memorandum in support, memorandum in opposition (Doc. 16), and reply memorandum (Doc. 18).

## I.

On September 13, 2005, the plaintiff filed a three-count complaint in the Summit County, Ohio Common Pleas Court, being Case No. CV-2005-09-5269. On October 27, 2005, the defendant removed the case to this Court based on diversity jurisdiction. Count One is for breach of contract. Count Two is a specific performance claim. Count Three is for breach of the implied covenant of good faith and fair dealing. A copy of the purported contract is attached to the Complaint as Exhibit A (Doc. 1-2 at 8-9).

## II.

Fed. R. Civ. P. 12(c) provides, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." The standard for

evaluating a motion for judgment on the pleadings is the same as that applicable to a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). The only difference between Rule 12(c) and Rule 12(b)(6) is the timing of the request to dismiss.

Under Fed. R. Civ. P. 12(b)(6), no complaint shall be dismissed unless the plaintiff has failed to allege facts in support of plaintiff's claim that, construed in plaintiff's favor, would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In ruling on a motion under Rule 12(c), the Court may look only at the pleadings themselves and exhibits incorporated by reference into the complaint. *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997). The court must accept all the allegations stated in the complaint as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), while viewing the complaint in the light most favorable to the plaintiff. *Sheuer v. Rhodes*, 416 U.S. 232, 246 (1974). *See also*, *Ziegler*, 249 F.3d at 512. A court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although the plaintiff enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations, a defendant's motion to dismiss should be granted when it appears beyond a doubt that the plaintiff will be unable to prove any set of facts that would justify relief. *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973).

It is with the above standard in mind that the Court decides the motion considered herein. Having set forth the Rule 12(c) standard of review, the Court now turns to an examination of the well-pleaded allegations on record.

III.

In return for the plaintiff developing a market with non-party Crystal Incorporated-PMC ("Crystal") for defendant's products, plaintiff alleges that the defendant granted it an exclusive right to market and sell defendant's products to Crystal. Complaint (Doc. 1-2) at ¶ 3.  On behalf of the plaintiff, Michael J. Connick, Esq. sent a letter agreement, dated August 1, 2002, to the defendant.  At that time, Cary A. Palulis was defendant's Director of Lubes and Base Oils.  On or about August 13, 2002, he counter-signed the letter on behalf of the defendant. Ex. A. at 2; Doc. 1-2 at ¶ 3.  Defendant agreed and acknowledged that the purported contract would "continue into the indefinite future unless mutually modified by the parties in writing." Ex. A at 1.

The letter agreement purports to be an "agreement between Valero Energy and Source in which Valero Energy grants Source an exclusive right to market and sell Valero Energy's products to Crystal Incorporated-PMS." *Id.*  The letter provides the scope of the agreement, stating:

> By granting Source these exclusive marketing rights, Valero Energy agrees that Source, and Source alone, will be permitted to market Valero Energy's products to Crystal Incorporated-PMC.  Valero Energy further agrees that the sale of its products to Crystal Incorporated-PMC shall not be solicited directly or indirectly by Valero Energy.

*Id.*  The purported contract imposes no other obligations on Source or Valero Energy.

The letter agreement recites the underlying consideration for the purported contract, stating:  "This exclusive right is granted to Source, it's [sic] agents and designees, in consideration of the extensive effort undertaken in the formulation and development of this

market." *Id.* The letter goes on to state:

> Source has identified and developed a market for Valero Energy Corporation's ("Valero Energy") products. It is my understanding that Valero Energy has not previously developed, solicited or sold its products in the market which Source has developed. Specifically, Source has developed a market with Crystal Incorporated-PMC for the sale of Valero Energy products.

*Id.*

The purported contract is to continue for an indefinite term. Specifically, the letter states: "This letter memorializes Valero Energy's granting Source this exclusive right and acknowledges that this arrangement shall continue into the indefinite future unless mutually modified by the parties in writing." *Id.*

After Mr. Palulis signed the letter agreement, the plaintiff sold defendant's products to Crystal on a regular basis for about two-and-a-half years. Mr. Palulis was subsequently replaced by Terrence Hoffman as Director of Lubes and Base Oils for the defendant. In Spring 2005, the plaintiff learned that the defendant, through Mr. Hoffman, was selling its products directly to Crystal. Doc. 1-2 at ¶ 8. It was this alleged breach of the purported contract which resulted in the instant lawsuit.

IV.

Defendant argues that no matter how the Court looks at the purported contract--either as a unilateral contract or a bilateral contract--no consideration exists to support an enforceable contract. Without consideration, the plaintiff's breach of contract claim fails. Furthermore, according to the defendant, without an enforceable underlying contract, the plaintiff's specific performance and breach of covenant of good faith and fair dealing claims must fail.

4

Plaintiff responds that the hyper-technical arguments offered by the defendant fail in their entirety.  It argues that the within motion is inappropriate because the defendant has denied and put at issue all of the material facts set forth in the Complaint (Doc. 1-2).  Next, Source argues that defendant's assertion that the only consideration is "past consideration" fails to consider "the totality of the terms of the Contract between the parties and their respective performance after execution." Doc. 16 at 8-9.  Citing *CSX Transp., Inc. v. Occidental Chemical Corp.*, 65 Fed.Appx. 963, 968 (6th Cir. 2003), the plaintiff contends that it may be inferred that adequate contemporaneous consideration was exchanged to render the letter agreement an enforceable bilateral contract between the parties.  Third, the plaintiff argues that, contrary to the defendant's position, the purported contract is a *bona fide* agreement and its obligations are not illusory in nature.  According to Source, a mutual obligation should be implied. *See Allegheny Oil Co. v. Snyder*, 106 F. 764, 768 (6th Cir. 1900) (oil and gas lease has written into it an implied covenant on the part of the lessee that he will drill and operate such number of oil wells on the lands as would ordinarily be required to develop their production).

"The elements of a contract are offer and acceptance, supported with valid consideration." *Gruenspan v. Seitz*, 124 Ohio App.3d 197, 211 (1997).  "Consideration may consist either in a detriment to the promisee or a benefit to the promisor." *Nilavar v. Osborn*, 127 Ohio App.3d 1, 15 (1998).  The Court concludes that the plaintiff in the case at bar cannot claim that there was sufficient consideration on its part to form a contract because past consideration is not legally sufficient to support a contract. *Carlisle v. T & R Excavating, Inc.*, 123 Ohio App.3d 277, 285 (1997), citing *Gem Sav. Assn. v. Aqua Sportsman, Inc.*, No. C-910361, 1992 WL 192500 (Hamilton App. Aug. 12, 1992).

The plain language of the letter agreement expressly shows that the consideration for the purported contract was the plaintiff's past performance by stating:  "This exclusive right *is granted to Source . . . in consideration* of the extensive effort *undertaken* in the formulation and development of this market." Ex. A at 1 (emphasis added); *see also* Doc. 1-2 at ¶ 4.  The letter goes on to state:

> Source *has identified* and *developed* a market for Valero Energy Corporation's ("Valero Energy") products.  It is my understanding that Valero Energy has not previously developed, solicited or sold its products in the market which Source has developed.  Specifically, Source *has developed* a market with Crystal Incorporated-PMC for the sale of Valero Energy products.

*Id.* (emphasis added).  The Court does not agree with the plaintiff's assertion at page 9 of its memorandum in opposition that "[v]iewing the document in its totality, it is evident that adequate contemporaneous consideration existed."  The Court holds that the breach of contract claim fails as no consideration exists to support the purported contract.  The Court agrees with the defendant that through the use of the past tense, the letter agreement clearly establishes that the "formulation and development of this market" occurred prior to the formation of the purported contract.  Past performance is not valid consideration and will not support a contract.

Furthermore, even if the Court were to set aside the express recitation of past consideration in the letter agreement, no other consideration is present which might support the purported contract.  "A promise that does not put any limitation on the freedom of the alleged promisor but leaves his future action subject only to his own will is illusory.  It is not enforceable against the one making it nor operative as consideration for a return promise." *Stinger Industries, LLC v. Hill-Rom Company, Inc.*, 23 Fed.Appx. 472, 474 (6th Cir. 2001) (quoting *Pippin Way v. Four Star Music Co. (In re Four Star Music Co.)*, 2 B.R. 454, 460 (Bankr. M.D.Tenn. 1979);

6

*see also Century 21 American Landmark, Inc. v. McIntyre*, 68 Ohio App.2d 126, 129-30 (1980), ("a contract is illusory only when by its terms the promisor retains an unlimited right to determine the nature or extent of his performance; the unlimited right, in effect, destroys his promise and thus makes it merely illusory.") citing 1 Williston on Contracts (3 Ed. 1957), 140, Section 43 .

In *Stinger Industries, LLC*, the United States Court of Appeals for the Sixth Circuit held that a distribution agreement that does not require a manufacturer to provide any product or does not require the distributor to purchase any product lacks mutuality of obligation and is unenforceable. 23 Fed.Appx. at 474.  Plaintiff, however, does not attempt to distinguish or differentiate the *Stinger Industries, LLC* case from the case at bar.

Defendant cites the express terms of the letter agreement to support its argument that if the purported contract is a bilateral agreement, it would be illusory because it imposes no obligation on Source to make any efforts to actually market or sell Valero's products.  Instead, as shown by the portion of the purported contract quoted below, Source retains an unlimited right to determine the nature or extent of its performance:

> By granting Source these exclusive marketing rights, Valero Energy agrees that Source, and Source alone, will be permitted to market Valero Energy's products to Crystal Incorporated-PMC.  Valero Energy further agrees that the sale of its products to Crystal Incorporated-PMC shall not be solicited directly or indirectly by Valero Energy.

Ex. A. at 1.  It is to be noted that the purported contract imposes no obligation on Valero Energy to make any products available to Source for sale to Crystal.  Moreover, "this arrangement shall continue into the indefinite future unless mutually modified by the parties in writing." *Id.* Therefore, the defendant is correct in its assertion that "the purported contract is entirely

7

one-sided as Source has no obligation to sell any Valero products to Crystal; however, Valero is prohibited from allowing anyone else to sell its products to Crystal at any time extending into the 'indefinite future.'" Doc. 12 at 8. Accordingly, the Court holds that because the plaintiff's promise was illusory, it could not operate as consideration for a return promise. *Stinger Industries, LLC*, 23 Fed.Appx. at 474. The Court also concludes that the letter agreement is unenforceable for lack of mutuality. *Id.* (citing *Big Cola Corp. v. World Bottling Co.*, 134 F.2d 718, 722 (6th Cir. 1943)).[1]

Without an enforceable underlying contract, the plaintiff's specific performance (Count Two) and breach of covenant of good faith and fair dealing (Count Three) claims must be dismissed as a matter of law. The Supreme Court of Ohio has held that in order for an action in specific performance to be maintainable, there must exist a contract which is valid and mutually binding upon both parties thereto. *Bretz v. The Union Central Life Ins. Co.*, 134 Ohio St. 171, 177 (1938). Regarding the Third Claim for Relief, since the Court has determined that there was no contract between Source and Valero Energy, the plaintiff does not have a claim for breach of the implied covenant of good faith and fair dealing. *Khoury v. Trumbull Physician Hosp. Org.*, No. 99-T-0138, 2000 WL 1804356, at *5 (Trumbull App. Dec. 8, 2000).

V.

At the conclusion of its memorandum in opposition (Doc. 16), the plaintiff summarily requests leave to amend its complaint in the event this Court determined dismissal was appropriate. In view of the fact that the plaintiff has failed to articulate what additional facts it

---

[1] Despite the fact that the parties in *Big Cola* performed their obligations under the contract for two years prior to the litigation, the court found the agreement was void for lack of a binding obligation on the part of the distributor. *Id.* at 722.

would allege in an amended complaint, the request is denied. *See PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 699 (6th Cir. 2004) ("*Plaintiffs were not entitled to an advisory opinion from the Court informing them of the deficiencies* of the complaint and then an opportunity to cure those deficiencies.") (quoting *Begala v. PNC Bank, Ohio, Nat'l Ass'n*, 214 F.3d 776, 784 (6th Cir. 2000) (emphasis in original).

VI.

The Court agrees with the reasons that have been articulated in the memoranda of the points and authorities on which the defendant relies in support of the motion. When plaintiff's complaint is construed in a light most favorable to it and all of the direct and inferential factual allegations contained in the complaint are accepted as true, the plaintiff undoubtedly can prove no set of facts in support of its claims that would entitle it to relief. *See Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir.), *cert. denied*, 498 U.S. 867 (1990). Accordingly,

Defendant's Motion for Judgment on the Pleadings (Doc. 12) is GRANTED.

IT IS SO ORDERED.

| | |
|---|---|
| April 26, 2007 | */s/ John R. Adams* |
| Date | John R. Adams |
| | U.S. District Judge |